UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

ANTWONE  JENNINGS,                    )
                                         )
               Plaintiff,        )
                                         )
                vs.           )      No. 4:17-cv-00138-SEB-TAB
                                       )
CLARK COUNTY,                 )
CLARK COUNTY JAIL,          )
                                       )
             Defendants.    )

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at the Floyd County Jail.  Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants.  Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face.  A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

A.      *The Plaintiff's Allegations*

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Clark County and the Clark County Jail.  He alleges that, while he was incarcerated at the Clark County Jail, he informed Ms. Thomas that he was being housed with his brother's murderer.  Ms. Thomas informed the plaintiff that she needed to know his brother's murderer's name, but the plaintiff did not know it.  Ms. Thomas said that he would wait there until he told her the name.  After two hours passed, the plaintiff was taken to segregation, which he alleges caused him mental distress.

Two days later, Mr. Lavose told the plaintiff that he had heard one of the plaintiff's family members had died, but could not tell him who or confirm that was true.  This news greatly upset the plaintiff.  Ultimately, it turned out not to be true.

B.      *Discussion*

The plaintiff's claims must be dismissed because he did not sue the proper defendants and, even if he did, his claims are not viable as presented.

First, neither of the two named defendants are proper parties in this action.  The Clark County Jail is not a "person" under § 1983 and thus not a suable entity in this action.  The plaintiff presumably sues Clark County to hold it responsible for what occurred at the Clark County Jail.  But it is the County Sheriff, not the county itself, who is responsible for the care of prisoners within a jail, and a county does not control or direct the manner in which that responsibility is met.  *See Estate of Drayton v. Nelson*, 53 F.3d 165, 167 (7th Cir. 1994) ("Marion County has no authority over the Sheriff and his deputies . . . ."); *Weatherholt v. Spencer County*, 639 N.E.2d 354, 357 n.2 (Ind. Ct. App. 1994) ("[T]he sheriff is not a representative of the county but he holds a separate office created by the Indiana Constitution.").  Even if the plaintiff named the Sheriff as a defendant, however, his claims would still be insufficient because there are no allegations that the Sheriff was

personally involved in the alleged harms and there is no supervisory liability for § 1983 claims. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.").

Second, even if the plaintiff named the individuals responsible for placing him in segregation and informing him that one of his family members may have passed away, his claim could still not proceed.

Regarding the plaintiff's placement in segregation following his concern about being housed with his brother's murderer, his allegations are insufficient to state a constitutional violation. Jail officials have a duty to protect inmates from violent assaults by other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). They incur liability for the breach of that duty when they were "aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (citations and quotation marks omitted); *see also Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010). But according to the plaintiff's own allegations, once he informed Ms. Thomas that he was being housed with his brother's murderer, he was moved to segregated housing where he would be safer from harm than if he remained housed with that inmate. In other words, prison officials took steps to separate him from the known danger, and there are no allegations that they fell short of their duty in any other respect.

As to the plaintiff's allegations regarding being falsely told that one of his family members passed away, such allegations are also insufficient to state an constitutional claim. "[T]he Eighth Amendment prohibits unnecessary and wanton infliction of pain," and "[s]uch gratuitous infliction of pain always violates contemporary standards of decency and need not produce serious injury in

order to violate the Eighth Amendment." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). "Moreover, physical injury need not result for the punishment to state a cause of action, for the wanton infliction of psychological pain is also prohibited." *Id.*; *see Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015) (holding that verbal harassment that causes only "psychological" pain may be sufficient to state an Eighth Amendment claim).

The plaintiff's allegations regarding Mr. Lavose's relaying of information about a family member's death do not demonstrate any unnecessary or wanton infliction of psychological pain. The plaintiff alleges that he asked Mr. Lavose "who died, who called with the information and if the information had been verified," to which Mr. Lavose responded that "he did not know who called, who died, or if it was even true." Dkt. 1 at 3. Rather than the intentional infliction of psychological pain, Mr. Lavose reported that he had heard one of the plaintiff's family members had died, but that he did not know the source of this information or even that it was true. Indeed, the plaintiff does not allege that Mr. Lavose knowingly lied to him simply to cause psychological suffering. Without such an allegation, the plaintiff has failed to allege the wanton infliction of pain necessary to plead a viable Eighth Amendment claim.

Moreover, to the extent that this claim is more adequately analyzed under the Fourteenth Amendment, the allegations do not even rise to level of objectively unreasonable conduct. The plaintiff was provided information that turned out not to be true, but he was told at the time that it was not clear whether the information was true or not. Again, without more, the plaintiff has failed to state a viable constitutional claim.

## II.

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through November 2, 2017**, in which to show cause why Judgment consistent

with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

The Court notes that the plaintiff checked a box on his Complaint stating that his wishes to bring his claims pursuant to state law. If the plaintiff only wishes to raise state law claims, rather than claims pursuant to § 1983, those claims may be pursued in state court.

**IT IS SO ORDERED.**

Date: ___10/11/2017___

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTWONE JENNINGS
FLOYD COUNTY JAIL
Inmate/Mail Parcels
P.O. Box 1406
New Albany, IN 47150